IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBALLI DISTINCTIVE PROPERTIES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-015-RGA |
| | : Justice of the Peace Court 9 of the State of |
| RODERICK GRADY, | : Delaware in and for New Castle County |
| | : Case ID JP9-17-002373 |
| Defendant. | : |

Roderick Grady, Defendant, Middletown, Delaware. Pro Se.

# MEMORANDUM OPINION

March 20, 2018
Wilmington, Delaware

*Richard G. Andrews* [signature]

ANDREWS, U.S. District Judge:

Defendant Roderick Grady, filed a notice of removal on January 3, 2018, of *Deballi Distinctive Properties v. Grady*, Delaware State Court Case ID JP9-17-002373. (D.I. 2). Grady appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). For the reasons discussed below, the Court will summarily remand the case to the Justice of the Peace Court 9 of the State of Delaware in and for New Castle County.

## FACTUAL AND PROCEDURAL BACKGROUND

Grady removed this case pursuant to removal statute, 28 U.S.C § 1441(b). He states original jurisdiction lies in this civil action by reason of 28 U.S.C. § 1331 (federal question jurisdiction), and the case arises under the Housing Act of 1937, as amended, 42 U.S.C. § 1437, *et seq*. (D.I. 2 at p.3). The civil cover sheet describes the cause of action as "Erroneous Def. Judgment & More / Wrongful Eviction." (D.I. 2-1).

The notice of removal states that the action was commenced on December 11, 2017 in the Justice of the Peace Court 9, Grady was served with summons on or before December 18, 2017, and he received a copy of the petition on or about December 18, 2017. The notice states, "a copy of all processes, pleadings and orders served upon defendant in the state court action are attached hereto as Exhibit 'A'". (*Id.* at p.1). Exhibit A was not attached to the notice of removal. On January 10, 2018, Grady filed a copy of the notice of removal to federal court that he filed in Case ID JP9-17-002373.

The Court has reviewed the docket for Case ID JP9-17-002373 and takes judicial notice of the following: (1) the case is active and is a landlord/tenant action; (2) both Plaintiff and Defendant have addresses in Delaware; (3) the complaint was filed on

1

October 29, 2017; (4) service was returned posted on November 6, 2017; (5) Grady requested a continuance on December 7, 2017; (6) judgment by default was entered on December 7, 2017; (7) Grady filed a motion to vacate judgment on December 15, 2017; (8) a hearing on the motion to vacate judgment was held on December 29, 2017, and the motion was denied; (9) on January 8, 2018, Grady asked the JP Court to docket the filing of documents he filed in this Court; (10) on January 16, 2018, Defendant filed a notice requesting a writ of possession; (11) on January 18, 2018, a notice of writ of possession and service issued; (12) on January 22, 2018, Grady filed a motion, which was denied by the JP Court unless this Court ordered a stay; and (13) on January 23, 2018, Grady filed a suggestion of bankruptcy and the JP case was stayed pending notice of the Bankruptcy Court.

## REMOVAL

**Legal Standard.** The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) and § 1443 both provide that the action may be removed by the defendant to the district court of the United States. *Id.* at §§ 1441(a), 1446. The removal statutes are strictly construed, and require remand to State court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel*

*Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District Court is obligated to remand, *sua sponte*, to the state court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 678 F. App'x 56 (3d Cir. 2017).

**Discussion.** Grady's removal fails for a number of reasons. First, the removal statutes are construed narrowly, and doubts about removal are resolved in favor of remand. Second, Grady filed the notice of removal beyond the 30 days allowed by § 1446(b). The notice of removal states that Grady was served with summons on or before December 18, 2017. However, the JP Court docket indicates that Grady was served on November 6, 2017. He filed the notice of removal on January 3, 2018, more than 30 days after service of summons upon him. Third, it appears the JP Court case is a landlord/tenant eviction proceeding, a default judgment was entered, and a writ of possession allowing the landlord to take possession of the property has issued. The JP Court case does not arise under federal law despite Grady's representation that the complaint arises under the Housing Act of 1937. In addition, there is not complete diversity among the parties, given that both are domiciled in Delaware. Therefore, jurisdiction does not lie under 28 U.S.C. § 1332. This Court does not have jurisdiction and, therefore, the JP Court case is not properly before this Court.

Finally, Grady did not comply with the requisites for removal. He did not provide for the Court's review copies of all process, pleadings, or orders from the State proceedings. See 28 U.S.C. § 1446(a).

## CONCLUSION

For the above reasons, the Court will summarily remand the case to the Justice of the Peace Court 9 of the State of Delaware in and for New Castle County.

An appropriate Order will be entered.